# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD KAVANAUGH SWAIM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARY FOX, et al., ) <br> ) <br> ) <br> Defendants. ) | No. 4:19-cv-01879-ACL |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Edward Kavanaugh Swaim for leave to commence this civil action without prepayment of the filing fee. (Docket No. 4). While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

## The Complaint

Plaintiff is a pro se litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming Missouri State Public Defenders Mary Fox, Matt Waltz, Bradford Coleman, and Gregory Mermelstein as defendants. (Docket No. 2 at 2-3). Plaintiff does not indicate the capacity in which defendants are sued.

Plaintiff alleges that defendants are liable for legal malpractice, "extreme substandard legal representation," and for neglecting their duties as lawyers. (Docket No. 2 at 3). He states that his

rights were never explained or discussed. He further asserts that their actions influenced the judge to treat him with hostility. (Docket No. 2 at 3-4).

In particular, plaintiff states that his first court appearance was never discussed. When he appeared before the judge, plaintiff asserts that the judge acted like a prosecutor and told him that he was either pleading guilty or starting a trial. Plaintiff states that he told the judge he never discussed this with his attorneys. Nevertheless, he was denied a continuance. (Docket No. 2 at 4). Plaintiff claims that the actions of defendants denied him effective assistance of counsel, due process of law, equal protection, and a fair trial, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

As a result of this "abusive hostile treatment," plaintiff alleges that he suffers from posttraumatic stress syndrome. He is seeking $150,000 in damages and court costs. (Docket No. 2 at 5).

**Discussion**

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. However, plaintiff has filed three previous cases that were dismissed on the basis of frivolity, maliciousness, or for failure to state a claim. As such, his motion to proceed in forma pauperis will be denied and this case dismissed without prejudice.

**A. 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action…in a court of the United States that was dismissed on the grounds that it

> is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B. Plaintiff's Previous "Strikes"

Review of plaintiff's files in the United States District Court for the Eastern District of Missouri indicates that while incarcerated, plaintiff has filed three separate lawsuits that qualify as "strikes" under 28 U.S.C. § 1915(g). These strikes existed prior to plaintiff filing the instant action on July 1, 2019.

First, on September 2, 2008, while incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, plaintiff filed a § 1983 action against the Circuit Court of St. Louis City, public defender Brocca Smith, and public defender Matthew Waltz. *Swaim v. Circuit Court of St. Louis City, et al.*, No. 4:08-cv-1324-CEJ (E.D. Mo.). The case was dismissed as legally frivolous on October 7, 2008. Plaintiff did not appeal.

Second, on July 18, 2018, while incarcerated at ERDCC, plaintiff filed a § 1983 action against the Missouri State Public Defender's Office, public defender Mary Fox, and public defender Bradford Coleman. *Swaim v. Missouri State Public Defender's Office, et al.*, No. 4:18-cv-1202-DDN (E.D. Mo.). The case was dismissed for failure to state a claim on October 15, 2018. Plaintiff filed an appeal, which was dismissed on January 25, 2019. *Swaim v. Missouri State Public Defender's Office*, No. 18-3677 (8th Cir. 2019).

Finally, on July 27, 2018, while incarcerated at ERDCC, plaintiff filed a § 1983 action against the St. Louis Public Works Medium Security Institution. *Swaim v. St. Louis Public Works Medium Security Institution*, No. 4:18-cv-1254-DDN (E.D. Mo.). The case was dismissed for failure to state a claim on October 19, 2018. Plaintiff did not file an appeal.

### C. Imminent Danger

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.*

Here, plaintiff has not alleged that he is in imminent danger. To the contrary, the facts that he has presented, such as they are, take place at some undefined point in the past, and concern the abilities and effectiveness of his attorneys during a criminal proceeding.[1] He makes no mention of

---

[1] The Court notes that even if plaintiff was granted in forma pauperis status, his complaint would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Specifically, in order to state a § 1983 claim, plaintiff must allege that defendants acted under color of state law. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right"). However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Moreover, plaintiff has made no attempt to demonstrate what each defendant did or did not do to violate his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Instead, he relies almost entirely on vague and conclusory language, which the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that a "court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

4

any fact that could possibly hint at his being in imminent danger of serious physical injury. Indeed, his allegations do not concern his present conditions of confinement whatsoever. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of July, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE